February 13, 1939

Honorable H. L. Washburn
County Auditor
Houston, Texas

Dear Mr. Washburn:

                    Opinion No. O-251
                    Re: Qualifications of
                    Voters in Bond Elections

          This will acknowledge receipt of your
letter of January 31, 1939, wherein you propound the
following questions:

     "I respectfully request that you give me an opinion
     defining the qualifications of voters in an elec-
     tion to be held in Harris County Flood Control
     District on February 25, 1939, for the purpose of
     authorizing the issuance of bonds of the Harris
     County Flood Control District to the amount of
     $500,000. Such an election has been ordered by
     the Commissioners' Court of Harris County, and
     some confusion seems to exist in regard to the
     qualifications of the voters in such an election.

     "I would particularly like to have your opinion
     covering the following points:

         (1) Is an elector otherwise qualified who
         owns taxable property on the day of the elec-
         tion in the Harris County Flood Control Dis-
         trict and who has duly rendered it for taxation
         for the year 1938 qualified to vote in the
         election, notwithstanding the fact that he
         has not rendered his property for taxation for
         the year 1939?

         (2) Is Article 2955-b, R. S. 1925, requiring
         the Tax Collector to furnish a list of real

estate owners valid to the extent that he
is bound to furnish such a list?

(3)  Must the property owned be actually
located within the boundaries of the Harris
County Flood Control District in order to
qualify the elector within the meaning of
Section 3-a of Article VI of the Constitu-
tion?

(4)  Is the word 'assess' in the second line
of Page 717 of the Acts of the Forty-Fifth
Legislature (Section 5, Chapter 360, supra)
used in the sense of 'render'?

→ (5)  Is a person, otherwise qualified, who
owns property in the Harris County Flood Con-
trol District on the day of the election but
which he has acquired since January 1, 1939,
qualified to vote in the election when the
property has been rendered for taxation by
the prior owner?  In some instances, persons
have offered to vote at bond elections who
have acquired their property since the first
of January of the year in which they offer to
vote, but the time for rendition is either
past or such property has already been rendered
to the Collector in the name of its owner on
January 1.  Are such persons qualified to vote,
assuming them to be qualified otherwise?"

In reply to the first paragraph of your
letter, you are respectfully advised that a person offering
to vote in such an election must have resided in the State
for one year, in the county six months, be over the age of
twenty-one, must have paid a poll tax prior to February
first preceding the election, or be exempt therefrom, must
be a citizen of the United States and must own taxable pro-
perty in the Flood Control District which he has duly render-
ed for taxation, and if a resident of a city of 10,000 or
more, the voter exempt from poll tax must have secured a
certificate showing the exemption.  A person under twenty-

one years of age, idiots and lunatics, paupers supported by the county, all persons convicted of a felony whose citizenship has not been restored by pardon, and all soldiers, marines and seamen employed in the service of the army or navy, are disqualified. Constitution of Texas, Article 6, Revised Civil Statutes of Texas, Articles 2954, et seq.

In reply to your first specific question, you are advised that this department has repeatedly ruled that an elector who duly rendered his property for taxation in 1938, and who is otherwise qualified to vote, is a duly qualified elector in February of 1939, to determine the question of issuing bonds or otherwise lending credit within the district or other political subdivision wherein the property so rendered is located. Said elector has until April 30, 1939 to render his property for that year.

In reply to your second question, you are advised that this department has held Article 2955b to be unconstitutional for the reason that it lays down additional qualifications for voters than those provided in the Constitution, and hence the real estate rolls would not determine the eligibility of a person otherwise qualified to vote in the election referred to in your letter. We feel, however, that it is the duty of the tax collector to furnish the election judges a certified list of the persons who had duly rendered property, either real or personal, for taxation, and that this list may be used by the election judges to determine the qualification of the voters.

In reply to question 3, you are advised that under the express terms of the Constitution and the statutes of this State, we are of the opinion that the property owned must be located within the boundaries of the Harris County Flood Control District, and said property must be rendered for taxation within said district in which the otherwise qualified voter desires to vote before he is entitled to cast his ballot in said election.

In reply to question 4, we are quite sure that the Legislature intended to use the word "render" instead of the word "assess". It would be impossible for

the elector to assess his own property. It is our understanding that you had a conversation with Mrs. Effie Wilson-Waldron, formerly of this department, in regard to the word "assess", as used in your Special Act. We are informed that she explained to you the proper wording to use in your bond transcript.

In reply to question 5, you are advised that it is our opinion that an otherwise qualified elector, who now owns land in Harris County Flood Control District, and said property having been rendered by a former owner of the land, the present owner is entitled to vote in the present bond election, because of the fact that the tax levy would be against the land and not the individual, and the present owner would be responsible for paying said tax.

Trusting that this answers your questions satisfactorily, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _____
Assistant

COB-s

APPROVED:

_____
ATTORNEY GENERAL OF TEXAS